# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **PAUL WALKER,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action Number:** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| | **:** | |
| **CLASSIC COLLISION OF CHAMBLEE, INC.,** | **:** | |
| | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## COMPLAINT

Plaintiff, Paul Walker ("Plaintiff") by and through the undersigned counsel, brings this Complaint against Defendant Classic Collision of Chamblee, Inc. ("Classic") and pleads as follows:

## INTRODUCTION

### 1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover overtime pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims.  These are (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, and (4) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Classic is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Plaintiff resides within Gwinnett County, Georgia.

7.

Classic employed Plaintiff as a detailer in and around Chamblee, GA from October 3, 2011 until April 17, 2013.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of Classic as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about October 3, 2011 until April 17, 2013, Plaintiff was "engaged in commerce" as an employee of Classic as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Classic is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Classic has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about October 3, 2011 until April 17, 2013, Classic was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2011, Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Classic had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, Classic had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, Classic   had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Classic  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Classic  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

At all times material hereto, Classic has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

23.

Classic is subject to the personal jurisdiction of this Court.

24.

Classic may be served with process through its Registered Agent Donald C. Beskin, Suite 201, 5180 Roswell Road, Atlanta, Georgia 30342.

25.

At all times relevant to this suit and while an employee of Classic, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

26.

At all times relevant to this suit and while an employee of Classic, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

27.

At all times relevant to this suit and while an employee of Classic, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

28.

At all times relevant to this suit and while an employee of Classic, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

29.

At all times relevant to this suit and while an employee of Classic, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

30.

At all times material hereto, Defendant paid Plaintiff on an hourly basis.

31.

From October 31, 2011 through April 26, 2012, Defendant paid Plaintiff at an hourly rate of $7.50.

32.

From April 27, 2012 through April 17, 2013, Defendant paid Plaintiff at an hourly rate of $12.00.

33.

At all times material to this action, Defendants paid Plaintiff on the basis of forty hours each week regardless of the amount of hours worked by Plaintiff in a given workweek.

34.

At all times material to this action, Plaintiff's typical work schedule was 7:00 am to 4:00 pm.

35.

Plaintiff often worked more than his normally scheduled hours.

36.

While employed by Defendant, Defendant required Plaintiff to perform work on behalf of Defendant "off the clock" on some Saturdays.

37.

At all times material to this action, Defendant failed to compensate Plaintiff for the "off the clock" work he performed on Saturdays on Defendant's behalf.

## COUNT I — FAILURE TO PAY OVERTIME

38.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

39.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

40.

During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week.

41.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week from October 3, 2011 through April 17, 2013.

42.

Defendant willfully failed to pay Plaintiff at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week from October 3, 2011 through April 17, 2013.

43.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

46.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

47.

Plaintiff and Classic were parties to a contract of employment (hereafter "the Contract") from on or about October 3, 2011 through April 17, 2013.

48.

The Contract provided that Classic would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

50.

The Contract further provided that Defendant would pay Plaintiff for accrued vacation time earned by Plaintiff.

51.

Defendant's failure to pay Plaintiff for all hours worked in excess of forty (40) hours in any week from on or about October 3, 2011 through April 17, 2013 constitutes a material breach of the Contract.

52.

Defendant's failure to pay Plaintiff for any "off the clock" work which Defendant required Plaintiff to perform on Saturdays constitutes a material breach of the Contract.

53.

Defendant's failure to pay Plaintiff for one and a half weeks of accrued and owed vacation time constitutes a material breach of the Contract.

54.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT

### 55.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 56.

From on or about October 3, 2011 through April 17, 2013, Plaintiff served as a detailer for Defendant.

### 57.

Plaintiff's service as a detailer for Classic as described above was valuable to Defendant.

### 58.

Classic requested Plaintiff's service as a detailer.

### 59.

Classic knowingly accepted Plaintiff's service as a detailer.

### 60.

The receipt of Plaintiff's services as a detailer for Classic without proper compensation would be unjust.

61.

Plaintiff expected to be compensated at the time he provided his services as a detailer for all hours worked.

62.

Plaintiff is entitled to a recover from Classic the reasonable value of the services he provided as a detailer for Defendant, in an amount to be determined at trial.

## COUNT IV – UNJUST ENRICHMENT

63.

The allegations contained in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

64.

During his employment, Plaintiff provided services to Classic for which he was not compensated.

65.

Classic knowingly accepted Plaintiff's services without compensating Plaintiff.

66.

Classic has been unjustly enriched by the value of Plaintiff's uncompensated services and is liable to Plaintiff for same.

## COUNT V - PROMISSORY ESTOPPEL

67.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

68.

On October 3, 2011, Classic promised to pay Plaintiff in return for Plaintiff's service as a detailer for them.

69.

On October 3, 2011, Classic promised to pay Plaintiff for accrued vacation time in return for Plaintiff's services as a detailer for them.

70.

Classic should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a detailer for Defendant.

71.

Classic's promise induced Plaintiff to act in reliance thereof, i.e., to serve as a detailer for Defendant, to his detriment.

72.

Plaintiff's service as a detailer for Classic conferred a benefit on Defendant.

73.

Classic failed to pay Plaintiff in accordance with their promise.

74.

Plaintiff relied on Defendant's promise.

75.

Plaintiff's reliance on Defendant's promise was reasonable.

76.

Injustice can only be avoided by enforcement of Defendant's promise.

77.

Plaintiff is entitled to a recover from Classic the reasonable value of the services he provided as a detailer for Defendant and for one and a half weeks of accrued vacation time, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/ MICHAEL A. CALDWELL
MICHAEL A. CALDWELL
GA. BAR NO. 102775

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF